BRODTMAN v. LAWRENCE

(February 2, 1931. Opinion and Decree.)

Daly & Hamlin, of New Orleans, attorneys for plaintiff, appellee.

John May and A. M. Suthon, of New Orleans, attorneys for defendant, appellant.

HIGGINS, J. Plaintiff sued the defendant for the sum of $260, the alleged value of his automobile, as a result of it being completely demolished in an intersectional collision with defendant's car at 9:30 in the evening of December 13, 1929.

The petition charges the defendant with negligence, first in operating his automobile without its headlights burning, and, second, in driving his car at an excessive rate of speed. Defendant denied these charges, alleging that the accident was caused solely by the plaintiff's fault, and, in the alternative, pleaded contributory negligence. There was judgment below in favor of plaintiff, as prayed for, and defendant has appealed.

The record shows that the plaintiff's Chevrolet Victoria car was being driven on Melpomene street toward the Mississippi river, and the defendant's Buick touring car was proceeding on the river side of Claiborne avenue in the direction of Canal street, Claiborne avenue having a neutral ground in the center and paved roadways on each side of it. When the driver of plaintiff's car reached the neutral ground on Claiborne avenue, he stopped, blew his horn, and looked up the river side of Claiborne avenue to see if any cars were approaching, and, seeing none, proceeded across. When the plaintiff's car reached about the center of the intersection of these streets, the defendant's car, without giving any warning of its approach, struck plaintiff's car in its center on the right-hand side, overturning it, and damaging it so badly that it was a total wreck.

At the time of the accident the plaintiff's car was being driven by one of the two young men who occupied it with the plaintiff. These three parties, as witnesses, testified that the lights on defendant's car were not burning, and that it was being operated at an excessive rate of speed of about thirty-five or forty miles per hour. The sole witness for the defendant was himself, and he testified that he did not hear the horn of plaintiff's car, that his lights were burning, and that he

was moving at a speed of from fifteen to twenty miles per hour.

A careful reading of the evidence convinces us that the plaintiff has established by a preponderance of the evidence both of the charges of negligence on the part of defendant, and that, therefore, plaintiff is entitled to recover.

As to the quantum, plaintiff's mechanic testified that plaintiff had purchased the Chevrolet Victoria car about a month prior to the accident for the sum of $200, and that it had been repaired by him at an expense of $60; that the car was so damaged as a result of the collision that the cost of repairing it would exceed its value at the time of the accident; that the car was worth, at the time of its purchase, about $250, and, with the repairs that had been made, it was worth, at the time of the accident, $260.

Defendant's expert repair man testified that when he examined the wrecked car he found certain woodwork in a decayed condition and certain metal work in a badly rusted condition, and that the car, at the time of the accident was worth, in his opinion, about $25. He admitted on cross-examination, however, that it would cost in excess of $260 to repair the wrecked automobile.

We have reached the conclusion that the plaintiff has established the value of his car at the time of the accident as being $260.

The judgment of the lower court is correct, and it is therefore, affirmed.

WESTERFIELD, J., absent and takes no part, HUGH C. CAGE, Judge of Civil District Court, Parish of Orleans, and Judge ad hoc, participating.